IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JEFFERY LANG WILSON,** | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 4:25-cv-00335-O-BP |
| **PRO TRUCK WRECKER SERVICE,** *et al.*, | § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On March 28, 2025, *pro se* plaintiff Jeffery Lang Wilson ("Wilson") filed a complaint alleging violations of the False Claims Act and the 5th and 4th Amendments, fraud, conversion, and unjust enrichment. ECF No. 1. Specifically, he alleges that Defendants wrongfully towed and impounded his truck and the trailer attached to it. *Id.* His action was referred to the undersigned for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference under Special Order 3. ECF No. 4. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor transfer the case to the United States District Court for the Eastern District of Texas, Sherman Division.

As an initial matter, while Wilson listed "Pro Truck Wrecker Service_0629109VSF" as a defendant in his complaint, he attaches the "Tow Ticket/Invoice" from "Pro-Tow Wrecker Service" to the complaint. ECF No. 2 at 4. Thus, the Court will refer to that defendant as "Pro-Tow."

Venue in a civil action such as this one is proper in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The Court may transfer any civil action to a more convenient forum where it could have been filed originally "[f]or the convenience of parties and witnesses, in the interest of justice," *id.* § 1404(a); *see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975), or it may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court may raise the issue of venue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *see also Empty Barge Lines II, Inc. v. Dredge Leonard Fisher*, 441 F. Supp. 2d 786, 789 (E.D. Tex. 2006) (collecting cases).

Here, Wilson does not state whether venue is proper in this Court. However, on the "Tow Ticket/Invoice" that Wilson filed, Defendant Pro-Tow lists its address in Denton, Texas. ECF No. 2 at 4. Further, the Court takes judicial notice that Pro-Tow's website shows locations in the following Texas towns: Lewisville, Denton, Frisco, and Northlake. *See* Pro-Tow Wrecker Service website, https://protowusa.com/ contact-us/ (last accessed April 1, 2025). The Court takes judicial notice that each of these towns is in Denton County, Texas. *See* Denton County GIS, https://data-dentoncounty.hub.arcgis.com/ datasets/5556b6a827b4489eb9e14a58864d17d3_0/explore (last accessed April 1, 2025); *see also Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (holding that courts may take judicial notice of matters of public record); *see also* Fed. R. Evid. R. 201.

The Court further notes that Denton County, Texas, is located within the Sherman Division of the United States District Court for the Eastern District of Texas. 28 U.S.C. § 124(c)(3). Wilson

also lists "Destiny Gunnells and Principles" as a defendant. ECF No. 1. He does not include any further information regarding Gunnells or any other relevant individuals. The only reference to Ms. Gunnells is on the last two pages of ECF No. 2, which simply includes her name. Thus, it is unclear where Ms. Gunnells resides and what her involvement was in the case. Further, the invoice that Wilson attached to the complaint states that Defendants towed the truck and trailer from 2801 Denton Tap Road, Lewisville, Texas, which also is in Denton County. ECF No. 2 at 4.

The Court can find no connection between this case and any county within the Northern District of Texas, Fort Worth Division. According to his civil cover sheet, Wilson resides in Corpus Christi, Texas. ECF No. 1-1. Further, Wilson alleges no facts to show that the defendants reside in the Fort Worth Division of the Northern District, and none of the facts at issue in the case happened in this division. Additionally, Pro-Tow is in, and a substantial part of the events or omissions giving rise to the claim occurred in Denton County in the Sherman Division of the Eastern District of Texas. Accordingly, in the interest of justice, the undersigned **RECOMMENDS** that Judge O'Connor **TRANSFER** this action to the United States District Court for the Eastern District of Texas, Sherman Division. Judge O'Connor also should order the Clerk of Court to stay the case for 21 days after he rules on these findings, conclusions, and recommendation pursuant to Local Civil Rule 62.2.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and

recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on April 1, 2025.

/s/ Hal R. Ray, Jr.
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE